IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:21-cr-234 (RDA) |
| | ) | |
| ROSE-MARIE NSAHLAI, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on the Government's oral motion to modify the Order setting conditions of release as to Defendant Rose-Marie Nsahlai. *See* Dkt. 16. For the reasons stated in open court at arraignment on November 3, 2021, and further discussed in open court at the status hearing on November 10, 2021, it is hereby ORDERED

1. At any date and time mutually agreeable to counsel for all parties, the government shall make available for inspection and review, by defense counsel only, an unredacted electronic copy of the email and text file that is attached to this Order as GX 2. Counsel for defendant shall not be permitted to make or keep a copy of the email or text file made available for inspection by the government. Counsel for defendant may review the entirety of the email and text file made available by the government, and may take notes about the substance of the email and text file. Defendant Rose-Marie Nsahlai shall not be permitted to view the email or text file itself, but may have the general substance of the email and text file described to her by counsel for the defendant.

2. On or before November 15, 2021, defense counsel, or a qualified computer forensics specialist acting at the direction of defense counsel, shall conduct a diligent search of any and all data, electronic devices, and electronic storage media in the possession, custody, or control of defendant Nsahlai. The search shall be conducted in any manner reasonably calculated to identify

and locate any original or copies of the email and attached text file described above, the data contained therein, and any portion, segment, or fragment thereof.

3. The search shall include, at a minimum, a diligent search of any and all Yahoo! email accounts, other personal email accounts, or business email accounts, if any, accessible by defendant Nsahlai, and a further diligent search of any and all laptop computers, desktop computers, mobile phones, smartphones, electronic storage media, web-based storage media such as OneDrive, Box, or any similar cloud-based electronic storage accessible by defendant Nsahlai.

4. If, during the course of the above-described search or otherwise, defense counsel, or a qualified computer forensics specialist acting at the direction of defense counsel, locates the original or a copy of the email and attached text file described above, the data contained therein, or any portion, segment, or fragment thereof, defense counsel shall elect, in his or her sole discretion, one of the following two options:

> a. Defense counsel and anyone acting at counsel's direction shall take reasonably diligent steps to ensure that the email and attached text file, the data contained therein, and any portion, segment, or fragment thereof, have been destroyed permanently, such that they are unusable and unretrievable by defendant Nsahlai and any other person; or

> b. If defense counsel of record determines, in his or her sole discretion, that retaining a copy of the email and attached text file described above, the data contained therein, any portion, segment, or fragment thereof, or any metadata relating thereto, is necessary to the preparation of a defense to the charges in the pending indictment in this case, or necessary to the preparation of a defense to any charges that may arise out of or relating to the email or text file described above, then defense counsel may retain one exact, forensically sound copy of any such email, text file, data, or metadata deemed so necessary.  Any such email, text file, data, or metadata so retained shall be held in the exclusive possession of defense counsel with sufficient encryption or other safeguards such that it may not be used, accessed, or retrieved by any person other than defense counsel of record in this case, or members of defense counsel's firm who are personally involved in the representation of Nsahlai.  Any other original or copy of the email and attached text file, the data contained therein, and any portion, segment, or fragment thereof located by defense counsel shall be destroyed permanently, such that they are unusable and unretrievable by defendant Nsahlai and any other person.

5. On or before November 15, 2021, counsel for defendant shall file a sealed, *ex parte* report to the Court describing the specific steps taken by or at the direction of defense counsel to conduct the diligent search required by this Order. The report shall further describe what steps were taken, if any, to ensure that any original and any copies of the email and attached text file described above, the data contained therein, and any portion, segment, or fragment thereof have been destroyed or, if deemed necessary by defense counsel, been transferred to the sole and exclusive custody of defense counsel of record. The government shall not be provided a copy of this report to the Court.

6. Nothing in this Order shall be construed as a ruling by this Court as to the relevance, authenticity, or admissibility of any evidence sought to be offered by the government or the defense in this case or any future case. Moreover, nothing in this Order shall be construed as requiring the government to destroy any evidence, data, or other information that it has gathered during the course of any investigation.

It is SO ORDERED.

Alexandria, Virginia
November 15, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge